GUILLERMO GARAU, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 697.   Submitted December 22, 1927.—Decided February 6, 1928.

*Fernando Beiro Rovira* for the appellant.   The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Octavia Díaz, the wife of Juan Latallade Dilan, gave notarial power of attorney to her husband to sell, convey, mortgage, exchange and lease all of her separate property and all property belonging to her by reason of the conjugal partnership having the character of community property.

After the dissolution of this marriage by a decree of divorce and before the liquidation of the conjugal partnership Juan Latallade Dilan executed a public deed in his own right and as attorney in fact of his wife, the other parties to the deed being various merchants whom Latallade recognized as creditors in different amounts for goods and effects received from them during his marriage with Octavia Díaz, and in order to secure all of the debts he created a mortgage on various real properties acquired for good considerations by the conjugal partnership in favor of Guillermo Garau who was commissioned by the other creditors to collect the mortgage and distribute the proceeds among all of them.

The deed was presented in the registry of property and was recorded as to the half interest in the said properties corresponding to Latallade and denied as to the other half corresponding to Octavia Díaz on the ground that the power

of attorney by her to her husband had no legal effect after the dissolution by divorce of the conjugal partnership between the principal and the agent.

The present appeal was taken by Guillermo Garau from that decision.

A copy of the power of attorney given by Octavia Díaz to Juan Latallade on March 24, 1916, by an instrument signed before the notary Luis Capó Matres has been exhibited with the documents in this appeal. It appears therefrom that Octavia Díaz gave power of attorney to her lawful husband, Juan Latallade y Dilan, to alienate, encumber and manage her separate property and her interests in the community property. In reality it is the kind of power of attorney so frequently and constantly created between a wife and her husband in order to facilitate transactions affecting the community property and in which the concurrence of both spouses is necessary when real property is involved. We may say, without fear of equivocation, that the determinant cause of such a power is the condition of husband of the attorney in fact.

In the present case properties are involved which, as shown by the documents submitted, were acquired during the marriage of Juan Latallade y Dilan with Octavia Díaz and which are presumed to be community property.

It is evident that in accordance with section 173 of the Civil Code the divorce severed the matrimonial bond and carried with it the division of all property and effects between the parties to the marriage. And as the character of community property springs directly from the state of matrimony, this economic aspect of the conjugal partnership being one of the forms admitted by law, it is also evident that this partnership, which began when the marriage was contracted, is dissolved by operation of said section 173 of the Code.

The conjugal partnership does not continue after the

dissolution of the marriage by divorce. There is an intermediate state between the dissolution of the marriage and the liquidation of the community property based on the declaration of the Civil Code that when the divorce has been granted the matrimonial bond is severed and with it the economic consequence of that bond, that is, the aspect of that partnership with reference to the property.

The power of attorney received by Latallade ceased to have effect as regards the community property, because the divorce dissolved the conjugal partnership in which that property originated. During this situation there was no object on which to exercise such power of attorney, as the partnership had been extinguished.

The statement made by Latallade in the deed of September 19, 1927, executed before notary Fernando Beiro Rovira regarding the debts for whose security a mortgage was created therein, can have no effect upon the community property without the consent of his former wife. It would be very easy to make transactions of that kind to the prejudice of the rights of one spouse who does not authorize with his agreement and consent the existence of such debts.

We hold that neither the acknowledgment of the debts by him alone, nor the use of the power of attorney by Latallade at the time he used it, can have any effect regarding the interests of Octavia Díaz, former wife of Latallade, in the property mortgaged or sought to be mortgaged. In acting by virtue of that power Latallade went beyond his authority in contracting in regard to the property of a partnership which no longer existed and which had not been liquidated.

Personal revocation of the power is not required in the present or similar cases, for the law has established the dissolution of the partnership and the division of the property and effects, and consequently has caused the discontinuance of the management of the community property either as

arising from the law itself or as springing from the power which would lack, from the moment the divorce is decreed, an object or purpose, at least as regards the community property.

The decision of the Registrar of Property of Guayama in the present case is affirmed.